**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ATEF A. AHMED; | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | File No. 1:13-cv-4229 |
| v. | ) | |
| | ) | |
| VANTIUM CAPITAL, INC D/B/A | ) | JURY TRIAL DEMANDED |
| STRATEGIC RECOVERY GROUP; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, ATEF A. AHMED (hereinafter referred to as "Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, VANTIUM CAPITAL, INC D/B/A STRATEGIC RECOVERY GROUP (hereinafter referred to as "Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA") and for its violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (hereinafter "ICFA").

### JURISDICTION AND VENUE

2.  This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d), and 28 U.S.C. §§1331, 1337,

as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391; Vantium Capital, Inc. d/b/a Strategic Recovery Group does business in this District and all of the events or omissions giving rise to the claim occurred within this District.

## PARTIES

4.   Plaintiff is a natural person residing at 314 Stratford Place, Unit 21, Bloomingdale, Illinois 60108.

5.   At all times relevant to the action, the Defendant, Vantium Capital, Inc. d/b/a Strategic Recovery Group, was a debt buyer with offices located in Irving, Texas. Vantium Capital, Inc. d/b/a Strategic Recovery Group is in the business of collecting debts from consumers in Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

**a. The Foreclosure Action**

6.   On or about March 21, 2006, Plaintiff entered into a mortgage loan with America's Wholesale Lender with regard to the property commonly known as 539 James Court, Unit A, Glendale Heights, Illinois 60139.

7.   On July 20, 2009, a mortgage foreclosure lawsuit was filed against the Plaintiff. The case was filed in the Circuit Court of the Eighteenth Judicial Circuit in DuPage County. The case was commonly known as *BAC Home Loans Servicing, L.P. v. Atef A. Ahmed, et. al.* Case No. 2009 CH 2804 ("Foreclosure Case").

8.   On October 20, 2009, a judgment of foreclosure and order appointing selling officer was entered in the Foreclosure Case.

9.  On May 7, 2010, a confirmation of sale order was entered in the Foreclosure Case in favor of BAC Home Loans Servicing, L.P. (hereinafter "BAC"). An *in rem* deficiency was entered in the amount of $33,407.53. There was no *in personam* judgment sought by BAC or awarded against Plaintiff. *See* Exhibit A, a true and correct copy of the May 7, 2010 order confirming the sheriff's sale. This order was the final order in the Foreclosure Case.

10. Defendant was not a party to the Foreclosure Case and took no actions within the Foreclosure Case.

11. Plaintiff had no knowledge of Defendant at any time during the pendency of the Foreclosure Case.

**b. Subsequent Action at Law**

12. On September 5, 2012, Defendant filed a lawsuit against Plaintiff, seeking to recover the sum of $33,407.53 from Plaintiff, including post-judgment interest. The case was filed in the Circuit Court of the Eighteenth Judicial Circuit in DuPage County. The case was commonly known as *Vantium Capital, Inc. d/b/a Strategic Recovery Group v. Atef A. Ahmed*, Case No. 2012 AR 1935 ("Arbitration Case"). *See* Exhibit B a true and correct copy of the September 5, 2012 complaint and exhibits.

13. In its complaint, Defendant alleged that it had purchased Plaintiff's mortgage loan debt and that it had "complied with the agreement to lend money to" Plaintiff. *See* Exhibit B at ¶5.

14. On October 31, 2012, Plaintiff, through his counsel, filed a motion to dismiss the Arbitration Case as Defendant's action was barred by the doctrine of *res judicata*.

15. On April 3, 2013, an order was entered in the Arbitration Case, dismissing the matter with prejudice because the claim was barred by *res judicata*. *See* Exhibit C, a true and correct copy of the April 3, 2013 order.

3

16. When Defendant filed the Arbitration Case against the Plaintiff, it lacked the legal capacity to bring the Arbitration Case because its claim had been fully adjudicated in the Foreclosure Case.

17.     Additionally, when Defendant filed the Arbitration Case against the Plaintiff, it was acting as a debt collector because it was attempting to collect a defaulted debt.


## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. The Defendant violated 15 U.S.C. §§1692f(1) and 1692e(10) by attempting to collect an amount not authorized by law and by using a false or deceptive means to collect a debt.

20. Plaintiff is a consumer under 15 U.S.C. §1692a(3).

21. Defendant is a debt collector under 15 U.S.C. §1692a(6) as Defendant purchased a debt that was in default.

22. When Defendant filed its lawsuit against the Plaintiff, its claim was barred by the doctrine of *res judicata*.

23. In Illinois, the doctrine of *res judicata* not only bars claims that were decided in a previous cause of action, it also bars those that could have been decided in a previous cause of action. *People ex. rel. Burris v. Progressive Land Developers, Inc.,* 151 Ill. 2d 285, 294 (1992).

24. As such, Defendant's debt collection lawsuit was not authorized by law and represents conduct that violates the Fair Debt Collection Practices Act.

25. Moreover, because Defendant's claim was barred, its claim represents the use of false or deceptive means to collect a debt. Defendant lacked the ability to bring its claim, but brought it to induce Plaintiff to pay the amount in full or to settle for a lesser amount.

4

26. Upon information and belief, it is part of Defendant's normal business practices to attempt to collect uncollectable debts by bringing lawsuits that it cannot legally bring.

27. The Plaintiff, as a direct result of Defendant's conduct, was forced to retain litigation counsel to defend against Defendant's lawsuit, and was assessed legal fees and charges are a result.

28. Upon information and belief, Plaintiff has sustained damage to his credit rating as a result of Defendant's collection efforts.

29. Plaintiff, as a direct result of Defendant's conduct, was unable to sleep and suffered severe emotional distress during the pendency of the Arbitration Case.

30. The Plaintiff is therefore entitled to an award of statutory damages, actual damages, punitive damages and legal fees pursuant to 15 U.S.C. 1692k.

WHEREFORE, Plaintiff, ATEF A. AHMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory, actual, and punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. ordering the deletion of all adverse credit reporting conducted by Defendant;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATION OF ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a consumer who resides in the State of Illinois.

33. Defendant is engaged commerce in Illinois as it collects debts from consumers located in the State of Illinois.

34. The Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

35. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

> 815 ILCS 505/2.

36. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

37. The Arbitration Case represents the use of deception, fraud and false pretense in an attempt to collect a debt.

38. Defendant intended that Plaintiff rely on its misrepresentations.

39. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.

6

815 ILCS 505/10a

40. As pled in paragraphs 23 through 25 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

41. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which the Defendant routinely engages as part of its business model.

42. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, ATEF A. AHMED, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.   ordering the deletion of all adverse credit reporting related to the loan;

d.   awarding the Plaintiff costs and reasonable attorney fees; and

e.   awarding any other relief as this Honorable Court deems just and appropriate.

### Jury Demand

Plaintiff demands trial by jury.

Respectfully Submitted,


By: ____s:/Matthew H. Hector____

**Matthew H. Hector**
Attorney for Plaintiff


**Name**            Sulaiman Law Group, Ltd.
**ARDC #:**         6279456
**Attorney for:**   Plaintiff
**Address:**        900 Jorie Blvd., Suite 150
**City/State/Zip:** Oak Brook, IL 60523
**Telephone:**      (630) 575-8181

7